UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO: 2:15-cr-153-FtM-29CM

AMAURY MATIAS

## OPINION AND ORDER

On March 4, 2016, United States Magistrate Judge Carol Mirando submitted a Report and Recommendation (Doc. #42) to the Court recommending that Defendant's Motion to Suppress Evidence (Doc. #18) be denied.  Defendant's Objections (Doc. #49) were filed on March 25, 2016.  The Government's Response (Doc. #51) was filed on March 29, 2016.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009).  This requires that the district judge "give fresh consideration to those issues to which specific

objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess, reprinted in 1976 U.S.C.C.A.N. 6162, 6163). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determinations of a magistrate judge without personally rehearing disputed testimony from the witness. Powell, 628 F.3d at 1256-58.

## II.

Defendant raises the following positions, and objects to the contrary findings and conclusions in the Report and Recommendation: Defendant asserts that (1) There was no probable cause to stop the vehicle driven by defendant because (a) the trooper did not have either reasonable suspicion or probable cause to stop the vehicle for violation of Fla. Stat. § 316.0895(1), and the trooper's testimony was not credible as to the events, and (b) the trooper did not have either reasonable suspicion or probable cause to stop the vehicle for violation of Fla. Stat. § 316.2953 because the trooper did not include this reason when he informed the driver of the reason for the vehicle stop, and the government cannot change the stated reason for the stop; (2) Fla. Stat. § 316.0895(1) is void for vagueness on its face and a violation of

the Due Process Clause of the Fifth Amendment of the United States Constitution; and (3) the magistrate judge erred in finding that if the statute was unconstitutionally vague the exclusionary rule would not apply because the trooper acted in objectively reasonable reliance on the statute.

After reviewing the Report and Recommendation and the transcript of the evidentiary hearing (Doc. #40), as well as the papers filed by the parties, the Court fully agrees with the findings of fact and conclusions of law made by the magistrate judge. Accordingly, the Court will adopt the Report and Recommendation and will deny the motion to suppress.

Accordingly, it is now

**ORDERED:**

1.  The Magistrate Judge's Report and Recommendation (Doc. #42) is accepted and **adopted**, and it is specifically incorporated into this Opinion and Order.

2.  Defendant's Motion to Suppress Evidence (Doc. #18) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __13th__ day of April, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
Counsel of Record
DCCD